UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE MAE THOMPSON,<br><br>  Plaintiff,<br><br>  v.<br><br>C&H SUGAR COMPANY, INC.,<br><br>  Defendant. | No. 2:13-cv-1869-MCE-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter was before the court on April 23, 2014 for hearing on defendant's motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1]  ECF No. 12.  Attorney Matthew Goodin appeared on behalf of defendant; plaintiff appeared pro se.  For the reasons stated below, it is recommended that defendant's motion to dismiss be granted.

I.   Background

Plaintiff, a retired employee of defendant C&H Sugar Company, Inc., originally commenced this action in the Solano County Superior Court, alleging breach of contract by defendant.  Compl., ECF No. 4-1.  Defendant removed the case to this court based on federal question jurisdiction, i.e. that the claim is preempted by section 301 of the Labor Management Relations Act ("LMRA").  ECF No. 2 at 1-4; ECF No. 12 at 6.

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

Plaintiff alleges that she retired from her employment with defendant on May 6, 2006. ECF No. 4-1 at 8. At the time of her retirement, there was an agreement between defendant and Sugar Workers Union No. 1 (the "Union") that required the defendant to pay 86 percent of plaintiff's medical insurance premiums, plus a $100 credit benefit. *Id.* Plaintiff alleges that there has been several excessive rate increases to her medical premium over the last several years, dating back to May 1, 2008, and that these increases have been incorrectly calculated. *Id*. at 7-8. She also contends that defendants have failed to provide her a $100 credit benefit pursuant to a May 1, 2006 agreement. Attached to the complaint are excerpts from a June 1, 2009 agreement and June 1, 2012, agreement between defendant and the Union. ECF No.4-1 at 10-15.

II.     Motion to Dismiss

    A.  12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). However, although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1338, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.1986).

B.  Discussion

While plaintiff asserts her challenge to the increases in her medical insurance premiums and the denial of a $100 benefit credit under a state law breach of contract theory, her state law claims are predicated on alleged violations of a collective bargaining agreement between the defendant and the Union, which is governed by the LMRA. Therefore, her state law claim(s) are preempted by § 301 of the LMRA. "Section 301 of the LMRA provides federal jurisdiction over 'suits for violation of contracts between an employer and a labor organization.'" *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 237 (9th Cir. 1990). Furthermore, "[f]ederal law exclusively governs a suit for breach of a CBA under § 301, whose broad preemptive scope entirely displaces

3

any state cause of action based on a CBA, as well as any state claim whose outcome depends on analysis of the terms of the agreement." *Id.*; *see also Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) ("If the plaintiff's claim cannot be resolved without interpreting the applicable CBA . . . it is preempted."). Resolution of plaintiff's claim that defendant breached its duties under the collective bargaining agreements requires interpretations of those agreements, and therefore her claim(s) must proceed, if at all, under § 301 of the LMRA.

Defendant further argues that any claim by plaintiff under § 301 for breach of the collective bargaining agreements must be dismissed because (1) she has failed to exhaust her contractual remedies, and (2) plaintiff's claim is barred by the six-month statute of limitations. ECF No. 12 at 8-12.

Before initiating a civil action, "an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement." *DeCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 164 (1983). The excerpts of the 2009 and 2012 agreements that plaintiff attached to her complaint do not disclose whether a grievance process existed under the agreements. However, in support of its motion defendant submitted copies of the agreements.[2] ECF Nos. 13-2, 13-3. The collective bargaining agreements between the Union and defendant include a grievance process. *Id.*[3] Furthermore, plaintiff concedes that there was a grievance process under the agreements and that she did not file a grievance.

Plaintiff argues that she is a retiree and "not affiliated or represented by" the Union. ECF No. 14 at 2. She appears to believe that as a non-party to the collective bargaining agreements, she is free to pursue this civil action without complying with the requirement in the agreements

---

[2] While the court is generally limited to considering the allegations in the complaint in resolving a motion to dismiss pursuant to 12(b)(6), the court may properly consider the agreements submitted by defendant as plaintiff refers to these documents in her complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

[3] The copy of the 2012 CBA submitted by defendant only contains the even numbered pages of document. Even with half the pages missing, it is still clear that the 2012 CBA provides a grievance process. *See* ECF No. 13-3 at 12. Furthermore, plaintiff conceded at the hearing that there is a grievance procedure under the CBAs, but argued that she was not required to utilize it as she is no longer an employee.

that she attempt to resolve the dispute through the grievance process and, if necessary, arbitration. *See id*. Plaintiff simply misunderstands the law. The rights that she attempts to assert here arise, if at all, under the collective bargaining agreements as a third party beneficiary. *See Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, (9th Cir. 2009) ("To sue as a third-party beneficiary of a contract, the third party must show that the contract reflects the express or implied intention of the parties to the contract to benefit the third party."). Although the general rule is that only parties to an agreement may be compelled to comply with its terms, *see Britton v. Co-op Banking*, 4 F.3d 742, 745 (9th Cir. 1993), "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principals." *Letiza v. Pradential Bache Security*, 802 F.2d 1187 (9th Cir. 1986). Furthermore, nonsignatories may be estopped from claiming a benefit under a contract while simultaneously avoiding the burdens imposed by the contract. *Comer v. Micor, Inc.* 436 F.3d 1098, 1101 (9th Cir. 2006).

Plaintiff seeks to enforce the terms of the 2009 and 2012 CBAs, but also contends that she is not bound by the terms of those contracts. She wants the benefits of the contract, without any of its burdens. Under the law of this circuit, plaintiff is precluded from enforcing the collective bargaining agreements without first complying with the obligations—utilizing the grievance process—required by the agreements. She has failed to avail herself of the grievance process outlined in the 2009 and 2012 collective bargaining agreements and therefore her claim(s) for breach of those agreements are barred. *See DeCostello*, 462 U.S. at 164.

The complaint also appears to assert a claim for violation of a 2006 CBA. ECF No. 4-1 at 8. Plaintiff alleges that defendant failed to provide her a $100 credit benefit that she was entitled to receive pursuant to a 2006 agreement. *Id*. She claims that on May 17, 2011, defendant acknowledged the error and credited her $500 for missed payments during the first 5 months of 2011. *Id*. Plaintiff contends, however, that defendant still owes her this credit for the months from May 2008 through December 2010. *Id*.

While the complaint indicates that a copy of this agreement is included as an exhibit to the complaint, *id.*, it is not. The attachments only include excerpts from the 2009 and 2012 collective bargaining agreement. Further, defendant's motion does not address whether the 2006 agreement

also required that disputes be resolved through a grievance process.[4] Thus, the court cannot determine whether that agreement also required plaintiff to first seek resolution of any dispute through a grievance process, although it would be extraordinary if it did not.

Defendant argues, however, that all of plaintiff's claims are barred by the applicable statute of limitations. ECF No. 12 at 11-12. Section 301 claims for breach of a CBA are subject to a six-month statute of limitations. *DeCostello v. Int'l Bhd. Of Teamsters*, 462 U.S. 151, 155 (1983); *Prazak v. Local 1 Int'l Union of Bricklayers & Allied Crafts*, 233 F.3d 1149, 1151 (9th Cir. 2000). In some instances the limitation period may be tolled. *See, e.g., Stone v. Writer's Guild of Am. W., Inc.*, 101 F.3d 1312, 1315 (9th Cir. 1996) ("[T]he statute of limitations may be tolled 'while an employee pursues intra-union grievance procedures, even if those procedures are ultimately futile.'"). A cause of action for breach of a CBA "accrues when the plaintiff knew, or should have known, of the defendant's wrongdoing and can successfully maintain a suit in the district court." *Allen v. United Food & Commercial Workers Int'l Union*, 43 F.3d 424, 427 (9th Cir. 1994).

Here, plaintiff alleges that defendant acknowledged on May 17, 2011 an error in paying her the monthly credit.[5] Thus, plaintiff knew of defendant's alleged failure to pay her the $100 monthly credit on or before May 17, 2011, but she waited more than two years (i.e. until August 6, 2013) to initiate this action. Further, she has failed to demonstrate any basis for tolling the limitations period, this claim is barred by the statute of limitations.

In discussing the 2006 agreement, plaintiff also references the increases in her medical premiums. *See* ECF No. 4-1 at 8. While plaintiff included excerpts from the 2009 and 2012 CBAs relating to medical premiums, she did not include any portion of the 2006 agreement.

---

[4] Defendant appears to believe that plaintiff's claim(s) are based solely on violations of the 2009 and 2012 agreement. ECF No. 12 at 12 at 8 ("The 2009 and 2012 CBAs between C&H and SWU on which Plaintiff's breach of contract claim is based both provide for arbitration of all disputes arising thereunder.").

[5] She contends that defendants' acknowledgment only credited her for five months of missed payments. ECF No. 4-1 at 8. Thus, she contends that defendant still owes the credit for the period of May 2008 through December 2010. *Id.*

6

Thus, it is not clear whether plaintiff contends that the increase in her medical premiums also violated the 2006 CBA. Given the ambiguity, the complaint fails to state a claim for violation of the 2006 CBA based on increases in medical insurance premiums. Accordingly, any such claim must also be dismissed, but with leave to amend to the extent plaintiff can actually state a valid claim for violation of the 2006 agreement. In this regard, plaintiff is admonished that the above analysis as to the exhaustion requirement applies to any grievance and/or arbitration provision that might be in the 2006 collective bargaining agreement.

III.     Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 12, be granted;

2. Plaintiff's claims for violation of the 2009 and 2012 collective bargaining agreements be dismissed without leave to amend;

3. Plaintiff's claims for violation of the 2006 for failure to pay a $100 monthly benefit credit be dismissed without leave to amend;

4. Any other claim for violation of the 2006 agreement be dismissed with leave to amend; and

5. Plaintiff be granted thirty days from the date of service of any order adopting these findings and recommendation to file a first amended compliant as provided herein. The first amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint will result in a recommendation that this action be dismissed for failure to prosecution under Rule 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 3, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE